# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Glynndeavin Von Fox,<br><br>      Plaintiff,<br>  v.<br><br>Keith W. Kornahrens,<br><br>      Defendant. | C/A: 3:23-cv-6645-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 7) of the Magistrate Judge recommending that the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint.

## I. Background and Relevant Facts

Plaintiff, proceeding pro se and in forma pauperis, appears to sue Defendant, "Judge of S.C.", for alleged violations of the "U.S. Constitution; U.S. Charter Treaty; U.S. Civil Rights Act." (Dkt. No. 7 at 3). Plaintiff alleges violation of his "civil and human rights of the U.S. Supreme Court writ # 18-8671." (*Id.* at 4).

On May 31, 2024, the Magistrate Judge filed an R&R recommending that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 7).

Plaintiff did not file objections to the R&R.

## II. Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore

a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

### III.   Discussion

After a review of the record and the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's complaint fails to state a claim upon which relief may be granted. (Dkt. No. 7 at 4-5) (explaining why, even if the complaint did state any facts regarding Defendant, he would be entitled to absolute judicial immunity).

### IV.   Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 7) as the Order of the Court and **DISMISSES** the instant action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

<u>Richard Mark Gergel</u><br>United States District Judge

June 24, 2024
Charleston, South Carolina